UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADONAY PINEDA ALCANTARA,
ALBA MEJIA de BONILLA and
KAREN BONILLA,

                          Plaintiffs,                            COMPLAINT AND

       - against -                                     JURY TRIAL DEMAND

P.O. SEAN G. CORREALE, Shield No. 8851,
P.O. JASON M. DODD, Shield No. 9051,
P.O. MICHAEL N. GUERRA, Shield No. 9266,
P.O. JONATHAN P. PANUTHOS, Shield No. 8486,
P.O. MEDIN SULAJ, Shield No. 9335,
P.O. "JOHN DOES" 1-9 and
THE COUNTY OF NASSAU,

                          Defendants.
-----------------------------------------------------------------X

       Plaintiffs, ADONAY PINEDA ALCANTARA, ALBA MEJIA de BONILLA and KAREN BONILLA, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

       1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

       3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

       4.    Plaintiff ALCANTARA, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and battery.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff ADONAY PINEDA ALCANTARA (hereinafter "ALCANTARA") was and is a natural person, resident in the Hamlet of New Cassel, Town of North Hempstead, County of Nassau, State of New York.

8. At all times relevant hereto, plaintiff ALMA MEJIA de BONILLA (hereinafter "MEJIA de BONILLA") was and is a natural person, resident in the Hamlet of New Cassel, Town of North Hempstead, County of Nassau, State of New York.

9. At all times relevant hereto, plaintiff KAREN BONILLA (hereinafter "BONILLA") was and is a natural person, resident in the Hamlet of New Cassel, Town of North Hempstead, County of Nassau, State of New York.

10. At all times relevant hereto, defendant P.O. SEAN G. CORREALE, Shield No. 8851, (hereinafter "CORREALE") was and is a natural person, employed as a police officer by defendant COUNTY OF NASSAU.

11. At all times relevant hereto, defendant P.O. JASON M. DODD, Shield No. 9051, (hereinafter "DODD") was and is a natural person, employed as a police officer by defendant COUNTY OF NASSAU.

12. At all times relevant hereto, defendant P.O. MICHAEL N. GUERRA, Shield No. 9266, (hereinafter "GUERRA") was and is a natural person, employed as a police officer by defendant COUNTY OF NASSAU.

13. At all times relevant hereto, defendant P.O. JONATHAN P. PANUTHOS, Shield No. 8486, (hereinafter "PANUTHOS") was and is a natural person, employed as a police officer by defendant COUNTY OF NASSAU.

14. At all times relevant hereto, defendant P.O. MEDIN SULAJ, Shield No. 9335, (hereinafter "SULAJ") was and is a natural person, employed as a police officer by defendant COUNTY OF NASSAU.

15. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-9 were and are natural persons, employed as police officers by defendant COUNTY OF NASSAU.

16. At all times relevant hereto, defendant COUNTY OF NASSAU was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

17. The individual defendants are sued in their individual capacities.

18. On or about August 26, 2016, this date being within ninety (90) days after the respective claims herein sued upon accrued, plaintiffs served upon the Nassau County Attorney verified written notices of claim setting forth the time, place, nature and manner in which said claims arose.

19. More than thirty (30) days have elapsed since the aforementioned verified notices of claim were served and the Nassau County Attorney has neglected and refused to make payment of said claims.

20. This action is commenced within one year and ninety days from the dates all claims herein accrued.

## FACTS COMMON TO ALL CAUSES OF ACTION

21. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "20" hereinabove as if more fully set forth at length herein.

22. On or about May 29, 2016, plaintiffs were present at a birthday party being held in the yard of the residential premises located at 524 Irving Street, Hamlet of New Cassel, Town of North Hempstead, County of Nassau, State of New York (hereinafter "subject premises").

23. At approximately 9:00 P.M. on the aforementioned date and location, two police officers, who are not parties to this action, arrived at the subject premises and told the celebrants to turn down the volume of the music they were playing.

24. The aforementioned request made by the two officers was complied with.

25. At or about 10:40 P.M., however, when the attendees at the party were singing "Happy Birthday," the volume of the music was turned up.

26. In response to the music's being turned up, defendants CORREALE and DODD arrived at the subject premises, upon information and belief in response to a complaint that the birthday party was too noisy.

27. Plaintiffs MEJIAS de BONILLA and BONILLA, who are mother-in-law and daughter-in-law, respectively, went into the driveway of the subject premises to speak to defendants CORREALE and DODD.

28. At the aforementioned time and place, defendant CORREALE smelled the odor of marijuana.

29. There was an odor of marijuana present at the aforementioned time and place. However, it was emanating from a house located next door to the subject premises.

30. Defendant CORREALE, however, began screaming that the odor was coming from the subject premises.

31. Defendants CORREALE and DODD commenced asking the persons present at the party for their identifications.

32. Defendant CORREALE attempted to arrest one of the owners of the subject premises.

33. The person who was being arrested is the son-in-law of plaintiff MEJIA de BONILLA.

34. Plaintiff MEJIA de BONILLA, who at the time was sixty-two-years-old, attempted to hug her son-in-law and asked defendants CORREALE and DODD not to arrest him.

35. Defendants CORREALE and DODD, however, pulled plaintiff MEJIA de BONILLA's son-in-law away from her.

36. Several of the persons at the party asked defendants CORREALE and DODD what they were doing.

37. At this point, defendant CORREALE pulled out his can of pepper spray and doused the entire crowd with its contents.

38. At or about this point, approximately twelve more Nassau County police officers arrived at the scene. These additional officers are identified as defendants GUERRA, PANUTHOS, SULAJ and DOES 1-9.

39. Plaintiff MEJIA de BONILLA was sprayed in her eyes by defendant CORREALE.

40. Plaintiff MEJIA de BONILLA fainted and fell to the ground.

41. Plaintiff BONILLA, who was in her fifth month of pregnancy, became so upset at the behavior being engaged in by defendant CORREALE that she began to suffer severe abdominal pains.

42. Plaintiff ALCANTARA had his cell phone in his hand.

43. Plaintiff ALCANTARA was ordered by one member of the group of approximately twelve officers who had arrived as described hereinabove to, "Put your fucking phone down."

44. The aforementioned officer then grabbed plaintiff ALCANTARA and threw him violently to the ground.

45. Approximately six more members of the second group of officers commenced to beat plaintiff ALCANTARA, hitting him with fists and batons and kicking him.

46. Some of the aforementioned blows visited upon plaintiff ALCANTARA came when he was already handcuffed.

47. Plaintiffs MEJIA de BONILLA and BONILLA were transported to Nassau University Medical Center.

48. Plaintiff ALCANTARA was first taken to the stationhouse of the Third Precinct and later was transported to Nassau University Medical Center.

49. At the hospital, plaintiff ALCANTARA was diagnosed with bilateral nasal bone fractures and with a laceration to the right side of his nose.

50. Plaintiff BONILLA was examined and released.

51. Plaintiff MEJIA de BONILLA had the pepper spray washed from her eyes and was examined and was released.

52. On May 31, 2016, plaintiff ALCANTARA was brought before a Judge of the Nassau County First District Court and was falsely and maliciously charged by defendant CORREALE with resisting arrest, an A misdemeanor; and obstruction of governmental administration in the second degree, an A misdemeanor.

53. Plaintiff ALCANTARA appeared in court a total of ten times on the aforementioned charges.

54. On May 8, 2017, plaintiff ALCANTARA received an adjournment in contemplation of dismissal on the charges against him.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALCANTARA AGAINST ALL DEFENDANTS (42 U.S.C. §1983)

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "54" hereinabove as if more fully set forth at length herein.

56. The individual defendants violated plaintiff ALCANTARA's rights, guaranteed to him by the fourth amendment to the Constitution of the United States, to be arrested only with probable cause and to be free from the use of excessive force, in

that, acting under color of state law, they, without any cause or provocation whatsoever, kicked him and struck him with fists and batons and in that defendant CORREALE falsely, maliciously and intentionally arrested and imprisoned him.

57. Because of the aforementioned acts committed by the individual defendants hereto, plaintiff ALCANTARA suffered a deprivation of his right to be arrested only with probable cause and to not be subjected to excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States, and, as a result, was incarcerated for approximately thirty-six hours, suffered injuries to his skull and face, was compelled to appear in court to defend himself on ten occasions, incurred legal fees, suffered, and continues to suffer, serious and permanent physical and emotional injuries, incurred medical expenses and lost time and income from his employment.

58. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff ALCANTARA has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALCANTARA AGAINST THE INDIVIDUAL DEFENDANTS AND THE COUNTY OF NASSAU
(Battery)

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "58" hereinabove as if more fully set forth at length herein.

60.     On or about May 29, 2016, at approximately 10:40 P.M., at the subject premises, the individual defendants hereto, without probable cause to do so, offensively touched plaintiff ALCANTARA by throwing him violently to the ground and then proceeding to beat him with fists and batons and to kick him.

61.     The aforementioned force used by the individual defendants hereto was not reasonable under the circumstances.

62.     At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant COUNTY OF NASSAU.

63.     By reason of the aforementioned battery committed against him by the individual defendants hereto, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff ALCANTARA suffered, and continues to suffer, serious and permanent physical and emotional injuries and lost time and income from his employment.

64.     As a result of the battery committed upon him by the individual defendants hereto while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff ALCANTARA has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALCANTARA
## AGAINST DEFENDANT CORREALE
## AND THE COUNTY OF NASSAU
### (False Arrest)

65. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "64" hereinabove as if more fully set forth at length herein.

66. On or about May 29, 2016, at approximately 10:40 P.M., at the subject premises, defendant CORREALE, without probable cause therefor, forcibly, wrongfully, unlawfully and illegally arrested plaintiff ALCANTARA, and against plaintiff ALCANTARA's own free will, caused him to be incarcerated for approximately thirty-six hours.

67. Defendant CORREALE falsely and maliciously, wrongfully, unlawfully and illegally accused plaintiff ALCANTARA of having committed the crimes of resisting arrest and obstructing governmental administration in the second degree.

68. As a result of the aforementioned arrest, plaintiff ALCANTARA was falsely and maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the Third Precinct, the Nassau University Medical Center and the Nassau County District Court, for approximately thirty-six hours.

69. Moreover, plaintiff ALCANTARA was compelled to appear in Nassau County District Court with regard to the charges falsely brought against him on ten occasions.

70.     At the time he committed the aforementioned act of false arrest and false imprisonment on plaintiff ALCANTARA, defendant CORREALE was acting within the scope of his employment by defendant COUNTY OF NASSAU.

71.     By reason of the false arrest committed against him by defendant CORREALE, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff ALCANTARA suffered, and continues to suffer, serious and permanent physical and emotional injuries, lost his liberty, was compelled to appear in court to defend himself against the charges falsely and maliciously made against him, incurred expenses for legal representation and lost time and income from his employment.

72.     As a result of the aforementioned acts of false arrest and false imprisonment committed against him by defendant CORREALE, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff ALCANTARA has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant CORREALE, both amounts to be determined at the trial of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MEJIA de BONILLA
AGAINST DEFENDANT CORREALE
<u>AND THE COUNTY OF NASSAU</u>
(42 U.S.C. §1983)**

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "72" hereinabove as if more fully set forth at length herein.

74. Defendant CORREALE violated plaintiff MEJIA de BONNILA's rights, guaranteed to her by the fourth amendment to the Constitution of the United States, to be free from the use of excessive force in that, acting under color of state law, he, without any cause or provocation whatsoever, sprayed the contents of his can of pepper spray into her face and eyes.

75. Because of the aforementioned act committed by defendant CORREALE, plaintiff MEJIA de BONILLA suffered a deprivation of her right to not be subjected to excessive force, guaranteed to her by the fourth amendment to the Constitution of the United States, and, as a result, suffered, and continues to suffer, serious and permanent physical and emotional injuries.

76. By reason of the aforementioned unconstitutional and illegal actions taken against her by defendant CORREALE, plaintiff MEJIA de BONILLA has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant CORREALE, both amounts to be determined at the trial of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MEJIA de BONILLA
AGAINST DEFENDANT CORREALE
<u>AND THE COUNTY OF NASSAU</u>
(Battery)**

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "76" hereinabove as if more fully set forth at length herein.

78. On or about May 29, 2016, at approximately 10:40 P.M., at the subject premises, defendant CORREALE offensively touched plaintiff MEJIA de BONILLA by spraying the contents of his can of pepper spray in her face and eyes.

79. The aforementioned force used by defendant CORREALE was not reasonable under the circumstances.

80. At the aforementioned time and place, defendant CORREALE was acting within the scope of his employment by defendant COUNTY OF NASSAU.

81. By reason of the aforementioned battery committed against her by defendant CORREALE, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff MEJIA de BONILLA suffered, and continues to suffer, serious and permanent physical and emotional injuries.

82. As a result of the battery committed upon her by defendant CORREALE, while he acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff MEJIA de BONILLA has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant CORREALE, both amounts to be determined at the trial of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF BONILLA AGAINST THE INDIVIDUAL DEFENDANTS AND THE COUNTY OF NASSAU (42U.S.C. §1983)

83. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "82" hereinabove as if more fully set forth at length herein.

84. The individual defendants violated plaintiff BONILLA's right, guaranteed to her by the fourteenth amendment to the Constitution of the United States, to be free from the physical distress or illness caused by the use of excessive force in that, acting under color of state law, they, without any cause or provocation whatsoever, caused her severe physical and emotional distress while she was pregnant.

85. Because of the aforementioned acts committed by the individual defendants hereto, plaintiff BONILLA suffered a deprivation of her right to not be subjected to physical distress or illness, guaranteed to her by the fourteenth amendment to the Constitution of the United States, and, as a result, suffered, and continues to suffer, serious and permanent physical and emotional injuries.

86. By reason of the aforementioned unconstitutional and illegal actions taken against her by the individual defendants hereto, plaintiff BONILLA has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF BONILLA AGAINST THE INDIVIDUAL DEFENDANTS AND THE COUNTY OF NASSAU
### (Negligent Infliction of Emotional Distress)

87. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "86" hereinabove as if more fully set forth at length herein.

88. On or about May 29, 2016, at approximately 10:40 P.M., at the subject premises, the individual defendants hereto negligently inflicted great emotional anguish,

anguish, distress and mental suffering upon plaintiff BONILLA by their acts of pepper spraying plaintiff MEJIA de BONILLA and physically assaulting and arresting plaintiff ALCANTARA.

89. At the time that the individual defendants committed the aforementioned acts, plaintiff BONILLA, who was in her fifth month of pregnancy, was standing in very close proximity to her two co-plaintiffs and was a witness to the acts committed against her two co-plaintiffs by the individual defendants hereto.

90. Plaintiff BONILLA was thus in the zone of danger at the time the aforementioned acts were committed.

91. At the time and place that they committed the aforementioned acts, the individual defendants hereto were acting within the scope of their employment by defendant COUNTY OF NASSAU.

92. By reason of the aforementioned emotional distress negligently inflicted upon her by the individual defendants hereto, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff BONILLA suffered, and continues to suffer, serious and permanent physical and emotional injuries.

93. As a result of the emotional distress negligently inflicted upon her by the individual defendants hereto, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff BONILLA has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

WHEREFORE, plaintiffs, ADONAY PINEDA ALCANTARA, ALBA MEJIA de BONILLA and KAREN BONILLA, demand judgment against defendants P.O. SEAN G. CORREALE, Shield No. 8851, P.O. JASON M. DODD, Shield No. 9051, P.O. MICHAEL N. GUERRA, Shield No. 9266, P.O. JONATHAN P. PANUTHOS, Shield No. 8486, P.O. MEDIN SULAJ, Shield No. 9335, P.O. "JOHN DOES" 1-9 and THE COUNTY OF NASSAU, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate plaintiff ALCANTARA for his injuries as enumerated hereinabove and, in addition, punitive damages against the individual defendants hereto, both amounts to be determined at the trial of this action;

SECOND CAUSE OF ACTION: An amount sufficient to compensate plaintiff ALCANTARA for his injuries as enumerated hereinabove and, in addition, punitive damages against defendant CORREALE, both amounts to be determined at the trial of this action;

THIRD CAUSE OF ACTION: An amount sufficient to compensate plaintiff ALCANTARA for his injuries as enumerated hereinabove and, in addition, punitive damages against defendant CORREALE, both amounts to be determined at the trial of this action;

FOURTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff MEJIA de BONILLA for her injuries as enumerated hereinabove and, in addition, punitive damages against defendant CORREALE, both amounts to be determined at the trial of this action;

FIFTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff MEJIA de BONILLA for her injuries as enumerated hereinabove and, in addition, punitive damages against defendant CORREALE, both amounts to be determined at the trial of this action;

SIXTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff BONILLA for her injuries as enumerated hereinabove and, in addition, punitive damages against the individual defendants hereto, both amounts to be determined at the trial of this action; and

SEVENTH CAUSE OF ACTION: An amount sufficient to compensate plaintiff BONILLA for her injuries as enumerated hereinabove and, in addition, punitive damages against the individual defendants hereto, both amounts to be determined at the trial of this action.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
August 28, 2017

*Alan D. L*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2385